# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**December 22, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**LITTLE DOGS DAYCARE,**
**Employer Below, Petitioner**

**v.)  No. 25-ICA-287**              (JCN: 2024027328)

**SCARLETT CARROLL,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Little Dogs Daycare ("Little Dogs") appeals the June 18, 2025, order of the Workers' Compensation Board of Review ("Board"). Respondent Scarlett Carroll timely filed a response.[1] Little Dogs filed a reply. The issue on appeal is whether the Board erred in reversing the claim administrator's order and holding Ms. Carroll's claim compensable.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Carroll completed an Employees' and Physicians' Report of Occupational Injury or Disease form dated September 5, 2024. Ms. Carroll indicated that she injured her left foot and ankle on August 30, 2024, when she stood up and fell sideways. Medical personnel at Salem Family Healthcare completed the physician's portion of the form on September 5, 2024. The body part injured was listed as the left ankle. The type of injury was a fall with fracture. According to the Board, the three diagnosis codes listed on the Report of Occupational Injury had no corresponding diagnoses.[2] The form indicated that

---

[1] Little Dogs is represented by Steven K. Wellman, Esq., and James W. Heslep, Esq. Ms. Carroll is self-represented.

[2] The Report of Occupational Injury form references ICD-9 codes. However, on October 1, 2015, the United States Department of Labor replaced the ICD-9 codes with ICD-10 codes. Instead of inserting ICD-9 codes, the healthcare provider at Salem Family Healthcare inserted IC-10 codes on the Report of Occupational Injury. The form lists S82.409A (closed fracture of the fibula), M25.572 (left ankle pain), and M79.672 (left foot

1

Ms. Carroll's condition was a direct result of an occupational injury, and that the injury did not aggravate a prior injury or disease.

On October 18, 2024, the claim administrator issued an order that rejected Ms. Carroll's claim on the basis that the ankle injury was not in the scope of her employment and that she was on her way to a lunch break outside of the employer's building. Ms. Carroll protested this order to the Board.

Little Dogs submitted a video regarding Ms. Carroll's fall on August 30, 2024. The video shows Ms. Carroll sitting in a chair, rocking back in forth, with a cell phone in her hand. Ms. Carroll is seen attempting to stand as she picks up some paper from the chair and reaches down, at which time her left foot appears to get stuck or caught on the bottom of the chair. As she places her right foot down, it appears that she twists her right ankle and then shifts her weight back to her left lower extremity as she falls to the ground. Her left leg appears to collapse underneath her as she falls.

Kendra Hayes, the owner and director of Little Dogs, completed an affidavit regarding Ms. Carroll's claim dated April 22, 2025. Ms. Hayes indicated that Ms. Carroll was sitting in a nursery inside the facility and that no one else was present in the room. Ms. Hayes stated that Ms. Carroll had gone into the nursery alone during a break, and that although Ms. Carroll stated in a letter that she was entering information into the computer system, that was not the case. Ms. Hayes asserted that when the injury happened, one of her employees reported to her that Ms. Carroll had complained of feeling dizzy, lightheaded, or words to that effect, before she went on break. Ms. Hayes noted that the eighteen-second video introduced into the record is from a surveillance camera in the nursery and captures the moment that Ms. Carroll fell on August 30, 2024.

By order dated June 18, 2025, the Board reversed the claim administrator's order and held the claim compensable. The Board found that based on a preponderance of the evidence, Ms. Carroll established that she sustained an injury to the left lower extremity in the course of and resulting from her employment on August 30, 2024. The Board stated that the medical personnel provided three diagnosis codes with no corresponding diagnoses, and that the record is not clear regarding the compensable condition or conditions. Thus, the Board remanded the claim to the claim administrator to determine the compensable conditions and to address Ms. Carroll's entitlement to temporary total disability ("TTD") benefits. It is from this order that Little Dogs now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

---

pain). We note that Ms. Carroll does not make a cross assignment of error regarding this oversight made by the Board.

The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:

(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

On appeal, Little Dogs argues that it was clearly wrong for the Board to find this claim compensable under *Hood v. Lincare Holdings, Inc.*, 249 W. Va. 108, 894 S.E.2d 890 (2023). Further, Little Dogs asserts that there is no evidence that Ms. Carroll's foot was stuck or that she slipped. Instead, Little Dogs contends that Ms. Carroll rolled her ankle, which is a risk personal to her. Little Dogs avers that the Board's decision should be reversed and the claim administrator's order rejecting the claim should be reinstated. We disagree.

In Syllabus Point 4 of *Hood*, 249 W. Va. at 110, 894 S.E.2d at 892, the Supreme Court of Appeals of West Virginia ("SCAWV") held that "In the context of workers' compensation law, there are four types of injury-causing risks commonly faced by an employee at work: (1) risks directly associated with employment; (2) risks personal to the claimant; (3) mixed risks; and (4) neutral risks." Here, the Board found that Ms. Carroll was in a nursery room inside the daycare, sitting on a rocking/gliding chair; that she was likely entering information related to work; and that when she started to stand up, her left foot was pinned behind her, and she fell. The Board concluded that it is more likely than not that Ms. Carroll's foot was pinned behind her as she attempted to step forward, which caused her to lose her balance and fall. The Board distinguished the facts of this case from *Hood*, where a risk analysis was used when the claimant's knee simply buckled or gave out, and unlike in this case, there was no evidence of a slip or trip.

Although Little Dogs argues that there is no evidence that Ms. Carroll slipped, the Board specifically found that Ms. Caroll's left foot was pinned behind her as she stood up, which caused her to lose her balance and fall. Further, the Board concluded that the video

3

evidence supports Ms. Carroll's account of the incident. The Board noted that there is no evidence of record to rebut Ms. Carroll's statement that her left foot was pinned behind her, and there is no evidence that Ms. Caroll had issues with lower extremity instability or issues falling that would account for a sudden collapse.

Moreover, as set forth by the SCAWV, "the 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in reversing the claim administrator's order and holding the claim compensable.

Accordingly, we affirm the Board's June 18, 2025, order.

Affirmed.


**ISSUED:** December 22, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White